## Hall, et al. v. Profit, et al.

(Decided January 13, 1922.)

### Appeal from Knott Circuit Court.

1. Depositions—Defects and Objections.—Exceptions to depositions upon which no ruling is procured from the trial court are waived.
2. Adverse Possession—Title From Ancestor—Pleading.—Plaintiffs are not relieved of proving title of ancestor under which they claim, where that title is denied by both the pleadings and evidence of defendants, and defendants claim title by adverse possession for the statutory period, even though defendants in their testimony admit they acquired possession simply from the ancestor whose title is denied.
3. Evidence—Insufficiency.—Evidence examined and held insufficient to show either title or possession in the ancestor when he died.

J. M. BAKER and JOE HALL for appellants.

H. H. SMITH, JOHN CAUDILL and JOHN D. SMITH for appellees.

Opinion of the Court by Judge Clarke—Reversing.

James Hall died intestate a resident of Knott county about 1898. On March 27, 1916, the appellees, who are the heirs of his three deceased children, filed this action against his seven living children, two daughters and five sons, seeking a partition of about four hundred acres of land of which they allege James Hall was the owner and in the actual possession at his death and which they claim descended to them and defendants jointly. They admit, however, that James Hall had no deed or other title papers to the land, but aver that it was orally given to him by his father in 1850 and that continuously thereafter until his death he was in the peaceable, adverse possession, claiming to a well defined boundary.

Defendants by their joint answer traversed every material allegation of fact contained in the petition, except that James Hall died and the parties were his descendants as stated; and four of them, W. J. Hall, Jeff Hall, Thomas Hall and Wilburn Hall, each answered separately and for counterclaim asserted title by adverse possession to different described parts of the land, pleaded limitations and asked that their several titles be quieted.

A reply completed the issues and upon trial the court adjudged that plaintiffs and defendants owned the land jointly as the heirs of James Hall and ordered the same to be divided as requested by plaintiffs, except that Jeff Hall was adjudged to be the owner of a part of the land claimed by him for which he produced a title bond from James Hall.

The defendants, other than Jeff Hall, have prosecuted this appeal and contend that appellees failed to prove that James Hall ever had title to the land or was in the possession of or claimed title to any part thereof for many years before he died, and that each of the claiming defendants proved a good possessory title to the portion of the land claimed by him.

On the other hand, it is the contention of the appellees that the title and possession of James Hall was established by the witnesses for both sides; that defendants by claiming title through and under James Hall relieved them of proving his title, and that moreover the evidence for the defendants is incompetent and must be disregarded.

As counsel for plaintiffs claim that they were relieved of the burden of proving title in James Hall, and that defendants' evidence as well as their own proves his title, we shall dispose of their several contentions before considering the evidence for plaintiffs.

1. The only witnesses introduced for the defendants are the four sons who respectively claim title to different parts of the whole tract of the land, and it is true that much of the evidence of each of them is about transactions with their deceased father and therefore incompetent; but, although plaintiffs filed exceptions to the depositions of each of these witnesses as a whole and to that part of each which related to transactions with their deceased father, they did not have the trial court rule upon the exceptions, and consequently, under the established rule in this state, they must be considered to have waived their objections thereto, and this court will give to such testimony the weight that seems to it proper. See Tolly v. Champion, 191 Ky. 114, and cases there cited.

2. Counsel for plaintiffs are mistaken in asserting that the defendants, as do the plaintiffs, claim title under James Hall. Defendants by their evidence, as well as by their pleadings, deny that James Hall ever had title by adverse possession or otherwise, and assert title in themselves by continuous possession for more than thirty years, which they both allege and testify was adverse alike to James Hall, plaintiffs and everybody else. The only basis for this contention is found in the fact that defendants testify that many years before his death James Hall without title was in possession which he surrendered to them; that thereafter and with his consent they respectively procured patents from the Commonwealth or deeds from the owners of the legal title for the portions now claimed by them; that thereafter and for many years before the death of James Hall, and continuously since, these claiming defendants have been living upon, claiming and in the peaceable adverse possession of their respective tracts; and that James Hall when he died and for many years theretofore did not even claim same. Manifestly, this is not a claim of title through or under James Hall, and there is no merit in the contention of plaintiffs that they were relieved of proving his title.

3. It is equally clear that this evidence does not in the remotest degree support plaintiffs' claim that James Hall was the owner and in possession of the whole tract or

any part thereof when he died, both of which alleged facts were put in issue by defendants' pleadings, but does, upon the other hand, if true disprove the allegations of the petition upon which plaintiffs' cause of action depends.

It therefore follows that the court erred in adjudging the parties to be the joint owners of the land and ordering its partition, unless plaintiffs by a preponderance of the entire evidence proved, as alleged in their petition, that James Hall when he died had good possessory title to the land. That their evidence is wholly insufficient for this purpose is entirely free of doubt.

They introduced as witnesses in their behalf no one except four of their own number, all of whom were grandchildren and heirs of James Hall and therefore as much interested and just as incompetent to testify about transactions with James Hall as are defendants; and although there was no objection or exception to any of their evidence it is entitled to no more weight than that of defendants as the record stands. Two of these witnesses, Eda Profit and James Pinson, confess they know nothing whatever and refuse to testify about any fact in issue. The other two, Mary Belle King and Wilburn Hall, Jr., make practically the same confessions, but attempt, nevertheless, to establish title and possession in James Hall at the time of his death by testimony of what is their understanding and what they believe with reference to the facts in issue. In addition they confess that as long as they can remember the claiming defendants other than Wilburn Hall have been living upon and cultivating the respective portions now claimed by them and that they don't know by what right. As to the portion now claimed by Wilburn Hall, they only state that James Hall lived upon this portion of the land as long as they can remember and until his death, but they do not deny, as testified by the defendants, that he was living with his son, Wilburn Hall, Sr., and recognized the latter's claim of title and adverse possession. Mrs. King, now about 46 years of age, states that she was married when about 17 years old; that she has lived out of the state the past 21 years; that James Hall died some years after she left the state and the neighborhood where the land lies, and it is clear she has no knowledge of her own about the questions in issue.

Wilburn Hall, Jr., is 34 or 35 years of age, has been away from the land for from 15 to 18 years, and, like

Mrs. King, states only what he has heard or believes the facts to be, except that he states the entire boundary is surrounded by marked lines. There is no evidence whatever tending to prove that James Hall was ever in the adverse possession of any part of the land continuously for the fifteen years necessary to give him title, or that he was in possession or claiming title to any of it when he died except that Mrs. King and Wilburn Hall, Jr., do state, but clearly without knowledge of the facts, that he was in possession and claiming the whole of the land as long as he lived, but even this evidence is clearly disproven by the evidence for defendants.

Wherefore the judgment is reversed with directions to dismiss the petition.